CHRIS R. OTTENWELLER (STATE BAR NO. 73649)
cottenweller@orrick.com
I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
WILLIAM H. WRIGHT (STATE BAR NO. 161580)
wwright@orrick.com
ROBERT J. BENSON (STATE BAR NO. 155971)
rbenson@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone:  +1-650-614-7400
Facsimile:  +1-650-614-7401

Attorneys for Plaintiff SYNOPSYS, INC.,

MICHAEL G. RHODES (STATE BAR NO. 116127)
rhodesmg@cooley.com
RICARDO RODRIGUEZ (STATE BAR NO. 173003)
rr@cooley.com
REUBEN H. CHEN (STATE BAR NO. 228725)
rchen@cooley.com
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  +1-650-843-5000
Facsimile:  +1-650-857-0663

Attorneys for Plaintiffs EVE-USA, INC., and
EMULATION AND VERIFICATION
ENGINEERING, S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SYNOPSYS, INC., a Delaware Corporation, EVE-USA, INC., a Delaware Corporation, and EMULATION AND VERIFICATION ENGINEERING, S.A., formed under the laws of France,<br><br>Plaintiffs,<br><br>v.<br><br>MENTOR GRAPHICS CORPORATION, an Oregon Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

ORIGINAL

Plaintiffs Synopsys, Inc., EVE-USA, Inc. and Emulation and Verification Engineering, S.A. (collectively, "Plaintiffs") allege as follows:

## THE PARTIES

1. Plaintiff Synopsys, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

2. Plaintiff EVE-USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Jose, California.

3. Plaintiff Emulation and Verification Engineering, S.A. is a French corporation headquartered in Wissous, France. Plaintiffs EVE-USA, Inc. and Emulation and Verification Engineering, S.A. are collectively referred to herein as "EVE."

4. Upon information and belief, Defendant Mentor Graphics Corp. ("Mentor Graphics") is a corporation organized and existing under the laws of the State of Oregon. Mentor Graphics has four offices in California (Fremont, El Segundo, Irvine and San Diego) and additional offices in other parts of the United States.

## BACKGROUND

5. Mentor Graphics has alleged in a Complaint filed in the United States District Court for the District of Oregon, Case No. 6:06-cv-00341-AA, that it owns all right, title and interest in U.S. Patent No. 6,009,531 ("the '531 patent"), entitled "Transition Analysis and Circuit Resynthesis Method and Device for Digital Circuit Modeling," which issued on or about December 28, 1999. This action was dismissed with prejudice on November 30, 2006.

6. Mentor Graphics also alleged in a Complaint filed in the United States District Court for the District of Oregon, Case No. 6:06-cv-00341-AA, that it owns all right, title and interest in U.S. Patent No. 5,649,176 ("the '176 patent"), entitled "Transition Analysis and Circuit Resynthesis Method and Device for Digital Circuit Modeling," which issued on or about July 15, 1997. This action was dismissed with prejudice on November 30, 2006.

7. Mentor Graphics also alleged in a Complaint filed in the United States District Court for the District of Oregon, Case No. 6:06-cv-00341-AA, that it owns all right, title and

interest in U.S. Patent No. 6,240,376 ("the '376 patent"), entitled "Method and Apparatus for Gate-Level Simulation of Synthesized Register Transfer Level Designs With Source-Level Debugging," which issued on or about May 29, 2001. This action was dismissed with prejudice on November 30, 2006.

## JURISDICTION AND VENUE

8.  This action arises under the Declaratory Judgment Act and the patent laws of the United States, more particularly under Title 28 U.S.C. §§ 2201 and 2202 and Title 35 U.S.C. §§ 100 et. seq., respectively. This court has jurisdiction under Title 28 U.S.C. §§ 1331, 1338 and 2201.

9.  Venue in this district is proper under 28 U.S.C. § 1391 and 1400(b). Plaintiff Synopsys, Inc. is headquartered in this District, occupying more than 800,000 square feet in eight different buildings in Mountain View and Sunnyvale, California. Synopsys, Inc. recently entered into a long-term lease for an additional 340,000-square-foot building in Mountain View, where it has had a long-term presence since it was founded in 1986. EVE-USA, Inc. also has its principal place of business in this District. EVE-USA, Inc's headquarters are located in San Jose, California.

10. Mentor Graphics has alleged that the ZeBu line of hardware-assisted verification products, which are manufactured, imported, sold and offered for sale by EVE (hereinafter the "ZeBu Products"), infringe the '531, '176 and '376 patents. On or about March 13, 2006, Mentor Graphics filed a Complaint in the United States District Court of Oregon, Case No. 6:06-cv-00341-AA, which alleged that EVE infringed the '531 patent by selling and supporting the ZeBu Products. On or about May 19, 2006, Mentor Graphics filed a First Amended Complaint, which alleged that EVE infringed the '531, '176 and '376 patents, directly, contributorily and by inducement, by selling and supporting the ZeBu Products. On November 30, 2006, the action was dismissed with prejudice and the parties finalized a settlement agreement in December 2006.

11. On or about August 12, 2010, Mentor Graphics initiated a second litigation against EVE by filing a Complaint in the United District Court of Oregon, Case No. 3:10-cv-00954-MO,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

alleging that EVE infringes U.S. Patent No. 6,876,962 by making, using, selling, offering for sale, importing and supporting the ZeBu Products.

12.     On or about August 17, 2012, Mentor Graphics commenced a third litigation against EVE by filing yet another Complaint in the United States District Court of Oregon, Case No. 3:12-cv-01500-SI, alleging that EVE infringes U.S. Patent No. 6,947,882 by making, using, selling, offering for sale, importing and supporting the ZeBu Products.

13.     On September 27, 2012, Synopsys, Inc. entered into an agreement to acquire the business of EVE, including the ZeBu Products. The proposed acquisition is expected to close in the immediate future. Accordingly, in the immediate future, Plaintiffs will be using, importing, selling, offering for sale and/or supporting the ZeBu Products in the United States, which line of products was previously accused by Mentor Graphics of infringing the '531, '176 and '376 patents and which products share structures and functionality that Mentor Graphics alleged are relevant to the claims of the '531, '176 and '376 patents.

14.     On August 20, 2012, Dr. Walden C. Rhines, Chairman and Chief Executive Officer of Mentor Graphics, wrote to Dr. Aart de Geus, Chairman and Co-Chief Executive Officer of Synopsys, Inc. In reference to a published rumor that Synopsys, Inc. was in discussions to acquire the business of EVE, Dr. Rhines stated that the settlement agreement entered into between Mentor Graphics and EVE in 2006 contains terms that may be considered "material" to the acquisition, and that Dr. de Geus "should ensure [his] team is aware" of them.

15.     Upon information and belief, and given the terms of the 2006 settlement agreement, coupled with the timing of the communication, Mentor Graphics' statements were meant to convey an explicit threat that should Synopsys, Inc. consummate its contemplated acquisition of EVE, Synopsys and/or EVE would thereupon be subject to suit by Mentor Graphics for patent infringement of the '531, '176 and '376 patents.

16.     Based on the acts, conduct and statements of Mentor Graphics, there exists an actual and substantial controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiffs and Mentor Graphics, as to whether Plaintiffs or any of the ZeBu Products have

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

infringed, or continue to infringe, any of the claims of the '531, '176 and '376 patents, as to whether the claims of the '531, '176 and '376 patents are valid, and as to whether Mentor Graphics is without right or authority to threaten or to maintain suit against Plaintiffs for alleged infringement of the '531, '176 and '376 patents. The existing controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement and invalidity, as set forth further herein.

## COUNT I

### (Declaratory Judgment of Invalidity)

17. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 16 of this Complaint as though set forth in full herein.

18. This is a claim for declaratory judgment of invalidity of any and all claims of the '531, '176 and '376 patents.

19. The '531, '176 and '376 patents, and each claim thereof, are invalid under one or more provisions of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

20. The claims of the '531, '176 and '376 patents are invalid because they are vague and indefinite and do not particularly point out and distinctly claim the subject matter which the applicants regarded as their alleged inventions, as required by 35 U.S.C. § 112.

21. The claims of the '531, '176 and '376 patents are invalid because the specifications of the '531, '176 and '376 patents do not contain a written description of the invention and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the same, as required by 35 U.S.C. § 112.

22. The claims of the '531, '176 and '376 patents are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 102 and 103.

23. Absent a declaration of invalidity, Mentor Graphics will continue to wrongfully assert or threaten to assert the '531, '176 and '376 patents against Plaintiffs, in violation of the

4

laws and contrary to the public policy of the United States, and will thereby continue to cause Plaintiffs irreparable injury and damage.

24. A judicial determination on the disputes recited herein is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '531, '176 and '376 patents and any past, present or future manufacture, use, importation, distribution, sale, or offer for sale of ZeBu Products.

25. Synopsys, Inc. has filed a petition for inter partes review of the patentability of the claims of U.S. Patent No. 6,240,376 with the United States Patent and Trademark Office. Accordingly, adjudication of this action as to the '376 patent may be automatically stayed under 35 U.S.C. § 315(a) unless Mentor Graphics files a counterclaim or civil action alleging that Plaintiffs have infringed the '376 patent or moves to lift the stay.

## COUNT II

### (Declaratory Judgment of Non-Infringement)

26. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 16 of this Complaint as though set forth in full herein.

27. This is a claim for declaratory judgment of non-infringement of any valid claims of the '531, '176 and '376 patents.

28. Plaintiffs do not directly, contributorily, or by inducement, infringe any claim of the '531, '176 and '376 patents, either literally or under the doctrine of equivalents.

29. The manufacture, importation, use, sale, or offer for sale of any of the ZeBu Products in the United States does not directly infringe, contributorily infringe, or induce infringement of any claim of the '531, '176 and '376 patents, either literally or under the doctrine of equivalents.

30. Defendant Mentor Graphics is without right or authority to threaten or to maintain suit against Plaintiffs for alleged infringement of the '531, '176, and '376 patents.

31. Absent a declaration of non-infringement, Mentor Graphics will continue to wrongfully assert or threaten to assert the '531, '176 and '376 patents against Plaintiffs, in

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Plaintiffs irreparable injury and damage.

32. A judicial determination on the disputes recited herein is necessary and appropriate at this time so the parties may ascertain their respective rights and obligations with respect to the '531, '176 and '376 patents and any past, present or future manufacture, use, importation, distribution, sale, or offer for sale of ZeBu Products.

**WHEREFORE,** Plaintiffs pray for adjudication as follows:

1. Entry of judgment
   a. that Defendant Mentor Graphics is without right or authority to threaten or to maintain suit against Plaintiffs for alleged infringement of U.S. Patent Nos. 6,009,531, 5,649,176 and 6,240,376;
   b. that said patents are invalid; and
   c. that said patents are not infringed and have not been infringed by Plaintiffs or by the manufacture, use, sale, offer for sale, or importation of Plaintiffs' products, by Plaintiffs or otherwise.

2. Entry of preliminary and permanent injunctions enjoining Defendant, its officers, agents, servants, employees, licensees and attorneys and those persons in active concert or participation with them and all others in privity therewith (a) from initiating or prosecuting any lawsuit or proceeding placing at issue the right of Plaintiffs, their customers, licensees, successors, assigns and all others in privity therewith, to make, use, sell, offer for sale or import Plaintiffs' products, with respect to the '531, '176 and '376 patents (b) from interfering with or threatening to interfere with the manufacture, sale, offer for sale, use or importation of Plaintiffs' products by Plaintiffs, or each of them, or any of their customers, licensees, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of Plaintiffs' products, and all others in privity therewith, with respect to the '531, '176 and '376 patents; and (c) from making any claim to any person or entity that Plaintiffs' products infringe the '531, '176 and '376 patents, said injunction to be made permanent following trial.

3. That this case is declared exceptional under 35 U.S.C. § 285, and that Plaintiffs be awarded their reasonable attorney fees, costs and expenses incurred in connection with this action; and

4. That this Court grant the Plaintiffs such other further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

Dated: September 27, 2012

Respectfully submitted,

CHRIS R. OTTENWELLER
I. NEEL CHATTERJEE
WILLIAM H. WRIGHT
ROBERT J. BENSON
Orrick, Herrington & Sutcliffe LLP

By: _____
CHRIS R. OTTENWELLER

*Attorneys for Plaintiff Synopsys, Inc.*

7

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Dated: September 27, 2012

Respectfully submitted,

MICHAEL G. RHODES
RICARDO RODRIGUEZ
REUBEN H. CHEN
Cooley LLP

By: /s/ Reuben H. Chen
REUBEN H. CHEN

***Attorneys for Plaintiffs EVE-USA, Inc., and Emulation & Verification Engineering, S.A.***

RECEIVED
2012 SEP 27 AM 8:30
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.