1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  WILLIAM H. WRIGHT (STATE BAR NO. 161580)
   wwright@orrick.com
3  ROBERT J. BENSON (STATE BAR NO. 155971)
   rbenson@orrick.com
4  VICKIE L. FEEMAN (STATE BAR NO. 177487)
   vfeeman@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
6  Menlo Park, California  94025
   Telephone:     +1-650-614-7400
7  Facsimile:     +1-650-614-7401

8  DOUGLAS E. LUMISH (SBN 183863)
   dlumish@kasowitz.com
9  JEFFREY G. HOMRIG (SBN 215890)
   jhomrig@kasowitz.com
10 GABRIEL S. GROSS (SBN 254672)
   ggross@kasowitz.com
11 JOSEPH H. LEE (SBN 248046)
   jlee@kasowitz.com
12 KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
   333 Twin Dolphin Drive, Suite 200
13 Redwood Shores, CA 94065
   Telephone:     +1-650-453-5170
14 Facsimile:     +1-650-453-5171

15 Attorneys for Plaintiffs
   SYNOPSYS, INC., EMULATION VERIFICATION
16 ENGINEERING S.A. AND EVE-USA, INC.

17                    UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                     SAN FRANCISCO DIVISION

20

21 SYNOPSYS, INC., EMULATION              Case No. 3:12-cv-05025-MMC
   VERIFICATION ENGINEERING S.A. AND
22 EVE-USA, INC.,                         **PLAINTIFFS' ANSWER TO MENTOR
                                          GRAPHICS CORPORATION'S
23                Plaintiffs,             COUNTERCLAIMS**

24        v.                              **AND DEMAND FOR JURY TRIAL**

25 MENTOR GRAPHICS CORPORATION,           **[REDACTED PUBLIC VERSION]**

26                Defendant.

27

28
   OHSUSA:753101394.1
                                    1

1        Plaintiffs Synopsys, Inc., EVE-USA, Inc., and Emulation Verification Engineering, S.A.

2   (collectively, "Plaintiffs"), by and through their attorneys, respond to Defendant Mentor Graphics

3   Corporation's Counterclaims as follows:

4        **ANSWER TO COUNTERCLAIMS FOR PATENT INFRINGEMENT**

5        53.    Plaintiffs admit that Defendant Mentor Graphics alleges counterclaims in this

6   action but deny that it is entitled to the requested relief.  Except as expressly admitted, Plaintiffs

7   deny the allegations of paragraph 53.

8        **PARTIES**

9        54.    On information and belief, Plaintiffs admit the allegations of paragraph 54.

10        55.    Plaintiffs admit the allegation of paragraph 55.

11        56.    Plaintiffs admit the allegation of paragraph 56.

12        57.    Plaintiffs admit the allegation of paragraph 57.

13        58.    Plaintiffs admit the allegation of paragraph 58.

14        59.    Plaintiffs admit that EVE S.A. is owned by Synopsys Global Licensing and

15   Distribution Limited Liability Company, which is owned by Synopsys Ireland Limited, which is

16   owned by Synopsys, Inc.  Except as expressly admitted, Plaintiffs deny the allegations of

17   paragraph 59.

18        60.    Plaintiffs admit the allegation of paragraph 60.

19        61.    Plaintiffs deny the allegation of paragraph 61.

20        **GENERAL ALLEGATIONS**

21        62.    Plaintiffs lack information sufficient to admit or deny the allegations of paragraph

22   62 and on that basis deny them.

23        63.    Plaintiffs deny the allegations of paragraph 63

24        64.    Plaintiffs admit that on or about March 13, 2006, Mentor Graphics filed a

25   Complaint alleging infringement of the '531 patent, that on or about March 19, 2006, Mentor

26   Graphics filed a First Amended Complaint alleging infringement of the '531 patent, '176 patent,

27   and '376 patent, and that the parties conducted some discovery in 2006.  Except as expressly

28

OHSUSA:753101394.1

PLAINTIFFS' ANSWER TO MENTOR GRAPHICS
CORPORATION'S COUNTERCLAIMS
3:12-cv-05025

1    admitted, Plaintiffs deny the allegations of paragraph 64, including but not limited to any

2    allegations of actual infringement of any valid patent.

3         65.    Plaintiffs admit that on or about November 30, 2006, the above-mentioned action

4    was dismissed was prejudice, that in or around December 2006, Mentor Graphics and EVE

5    entered into a Settlement and Agreement and License Agreement, and that a Settlement

6    Agreement and License Agreement (Exhibit A to the Settlement Agreement) were attached as

7    Exhibit A to Mentor Graphics' [sealed] Answer and Counterclaims.  Except as expressly

8    admitted, Plaintiffs deny the allegations of paragraph 65.

9         66.    ███████████████████████████████████████████

10   ███████████████████████████████████████████████████

11   █████████████████████████████████████    Except as expressly admitted, Plaintiffs

12   deny the allegations of paragraph 66.

13        67.    Paragraph 67 states a conclusion of law and does not state a factual allegation to

14   which an answer is required.

15        68.    ██████████████████████████████████████████

16   ███████████████████████████████████████████████████

17   ██████████████████████████████████████████    The remainder

18   of paragraph 68 states a conclusion of law and does not state a factual allegation to which an

19   answer is required.

20        69.    Plaintiffs admit that Synopsys acquired EVE in or around October 2012.  The

21   remainder of paragraph 69 states a conclusion of law and does not state a factual allegation to

22   which an answer is required.

23        70.    Paragraph 70 states a conclusion of law and does not state a factual allegation to

24   which an answer is required.

25        71.    Paragraph 71 states a conclusion of law and does not state a factual allegation to

26   which an answer is required.

27

28

**JURISDICTION AND VENUE**

72.     Plaintiffs admit that Mentor Graphics alleges counterclaims under the patent laws of the United States, Title 35 of the United States Code, but deny that it is entitled to the requested relief.  Except as expressly admitted, Plaintiffs deny the allegations of paragraph 72.

73.     Plaintiffs deny the allegation of paragraph 73.

74.     █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████     Except as expressly admitted, Plaintiffs deny the allegations of paragraph 74.

75.     Plaintiffs deny the allegation of paragraph 75.

76.     Plaintiffs admit that district courts have original jurisdiction over patent infringement cases under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Plaintiffs deny the allegations of paragraph 76.

77.     Plaintiffs admit that venue could be proper in the District of Oregon under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Except as expressly admitted, Plaintiffs deny the allegations of paragraph 77, including but not limited to any allegations of actual infringement of any valid patent.

78.     Plaintiffs deny the allegation of paragraph 78.

79.     Plaintiffs deny the allegation of paragraph 79.

80.     Plaintiffs deny the allegation of paragraph 80.

81.     Plaintiffs deny the allegation of paragraph 81.

82.     Plaintiffs deny the allegation of paragraph 82.

83.     Plaintiffs deny the allegation of paragraph 83.

84.     Plaintiffs deny the allegation of paragraph 84.

**COUNT I - PATENT INFRINGEMENT OF U.S. PATENT NO. 6,009,531**

85.     Plaintiffs incorporate their responses contained in the preceding paragraphs as if set forth fully herein.

86.     Plaintiffs deny the allegation of paragraph 86.

87.     Plaintiffs deny the allegation of paragraph 87.

88.     Plaintiffs deny the allegation of paragraph 88.

89.     Plaintiffs deny the allegation of paragraph 89.

90.     Plaintiffs deny the allegation of paragraph 90.

91.     ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████     The remainder of the first sentence of paragraph 91 states a conclusion of law that does not require an answer.  Plaintiffs deny the second sentence of paragraph 91.

92.     Plaintiffs deny the allegation of paragraph 92.

93.     Plaintiffs deny the allegation of paragraph 93.

### COUNT II – PATENT INFRINGEMENT OF U.S. PATENT NO. 6,649,176

1.      Plaintiffs incorporate their responses contained in the preceding paragraphs as if set forth fully herein.

2.      Plaintiffs deny the allegation of paragraph 2.

3.      Plaintiffs deny the allegation of paragraph 3.

4.      Plaintiffs deny the allegation of paragraph 4.

5.      Plaintiffs deny the allegation of paragraph 5.

6.      Plaintiffs deny the allegation of paragraph 6.

7.      ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████     The remainder of the first sentence of paragraph 7 states a conclusion of law that does not require an answer.  Plaintiffs deny the second sentence of paragraph 7.

8.      Plaintiffs deny the allegation of paragraph 8.

9.      Plaintiffs deny the allegation of paragraph 9.

## COUNT III – PATENT INFRINGEMENT OF U.S. PATENT NO. 6,240,376

1. Plaintiffs incorporate their responses contained in the preceding paragraphs as if set forth fully herein.

2. Plaintiffs deny the allegation of paragraph 2.

3. Plaintiffs deny the allegation of paragraph 3.

4. Plaintiffs deny the allegation of paragraph 4.

5. Plaintiffs deny the allegation of paragraph 5.

6. Plaintiffs deny the allegation of paragraph 6.

7. ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████   The remainder of the first sentence of paragraph 7 states a conclusion of law that does not require an answer.  Plaintiffs deny the second sentence of paragraph 7.

8. Plaintiffs deny the allegation of paragraph 8.

9. Plaintiffs deny the allegation of paragraph 9.

## PRAYER FOR RELIEF

10. Plaintiffs deny that Mentor Graphics is entitled to its requested relief.

## AFFIRMATIVE DEFENSES

Plaintiffs assert the following affirmative defenses to Mentor Graphics' counterclaims:

## FIRST AFFIRMATIVE DEFENSE
### (Non-infringement)

1. Plaintiffs incorporate paragraphs 26-32 of their Complaint as if set forth fully herein.

2. Plaintiffs do not directly, contributorily, or by inducement, infringe any valid claims of the '531, '176, or '376 patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

3.      Plaintiffs incorporate paragraphs 17-25 of their Complaint as if set forth fully herein.

4.      One or more claims of the '531, '176, and '376 patents are invalid under one or more provisions of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and 112.

5.      One or more claims of the '531, '176 and '376 patents are invalid because they are vague and indefinite and do not particularly point out and distinctly claim the subject matter which the applicants regarded as their alleged inventions, as required by 35 U.S.C. § 112.

6.      One or more claims of the '531, '176 and '376 patents are invalid because the specifications of the '531, '176 and '376 patents do not contain a written description of the invention and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and/or use the same, as required by 35 U.S.C. § 112.

7.      One or more claims of the '531, '176 and '376 patents are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 102 and 103.

**THIRD AFFIRMATIVE DEFENSE**
**(Res Judicata)**

8.      Mentor Graphics' counterclaims are barred by the doctrine of res judicata.

**FOURTH AFFIRMATIVE DEFENSE**
**(Waiver, Release, and/or Covenant Not to Sue)**

9.      Mentor Graphics is precluded by the 2006 Settlement Agreement from filing suit against Plaintiffs alleging infringement of the '531, '176, and '376 patents.

**FIFTH AFFIRMATIVE DEFENSE**
**(License and/or Exhaustion)**

10.     Mentor Graphics' counterclaims are barred in whole or in part by license, by the doctrine of implied license, and/or by the doctrine of patent exhaustion.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches and/or Estoppel)**

11.    Mentor Graphics is barred in whole or in part from obtaining any relief sought in its counterclaims because of the doctrines of laches and/or equitable estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

12.    Mentor Graphics' counterclaims fail to state a claim upon which relief may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

13.    Mentor Graphics is not entitled to enhanced or increased damages for willful infringement because Plaintiffs have not engaged in any conduct that meets the applicable standard for willful infringement.

**NINTH AFFIRMATIVE DEFENSE**
**(Unavailability of Injunctive Relief)**

14.    Injunctive relief sought by Mentor Graphics is barred as a matter of law because Mentor Graphics has an adequate remedy at law for any of its counterclaims on which it may ultimately prevail.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to Mark)**

15.    Upon information and belief, neither Mentor Graphics nor its licensees marked devices that embody any of the purported claims of the '531, '176, and/or '376 patent with proper notice of such patent(s), as required by 35 U.S.C. § 287.  Mentor Graphics is not entitled to any pre-filing damages pursuant to that provision.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

16.    Mentor Graphics is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims, whether literally or under the doctrine of

1    equivalents, of the '531, '176, and/or '376 patent to cover any product manufactured, sold, or

2    offered for sale by Plaintiffs.

3                        **TWELFTH AFFIRMATIVE DEFENSE**
                         **(Inequitable Conduct / Unenforceability)**
4

5        17.    The '176 and '531 patents are unenforceable due to inequitable conduct for the

6    reasons set forth below:

7        18.    In April 1993, the Proceedings of the IEEE Workshop on FPGAs for Custom

8    Computing Machines published an article entitled "*Virtual Wires: Overcoming Pin Limitations in*

9    *FPGA-based Logic Emulators*" by Jonathan Babb, Russ Tessier, and Anant Agarwal

10   ("the Babb article"). The authors of the Babb article all worked in Massachusetts Institute of

11   Technology's Laboratory for Computer Science. Matthew Dahl, a listed inventor of the '176 and

12   the '531 patents, worked in the same laboratory, and collaborated with the authors of the Babb

13   article on subsequent related articles.  At least claim 1 of the '176 patent and at least claim 1 of

14   the '531 patent are invalid over the Babb article.  On information and belief, had the Examiner of

15   the '176 and '531 patents been made aware of the subject matter of the Babb article during the

16   prosecution of the '176 and '531 patents, the Examiner would not have allowed at least claim 1 of

17   the '176 patent and at least claim 1 of the '531 patent.

18       19.    On April 2, 1993, U.S. Patent Application Ser. No. 08/042,151 ("the '151

19   application"), entitled *Virtual Wires for Reconfigurable Logic System*, was filed identifying

20   Anant Agarwal, Jonathan Babb and Russell Tessier as inventors.  The application matured into

21   U.S. Patent No. 5,596,742 ("the '742 patent"), issued January 21, 1997.  At least claim 1 of the

22   '176 patent and at least claim 1 of the '531 patent are invalid over the '742 patent.

23   On information and belief, had the Examiner of the '176 and '531 patents been made aware of the

24   subject matter of the '742 patent during the prosecution of the '176 and '531 patents, the

25   Examiner would not have allowed at least claim 1 of the '176 patent and at least claim 1 of the

26   '531 patent.

27       20.    In February 1994, the Proceedings of the 1994 ACM Workshop on FPGAs,

28   published an article entitled "*The Virtual Wires Emulation System: A Gate-Efficient ASIC*

OHSUSA:753101394.1

PLAINTIFFS' ANSWER TO MENTOR GRAPHICS
CORPORATION'S COUNTERCLAIMS
3:12-cv-05025

*Prototyping Environment*" by Russell Tessier, Jonathan Babb, Matthew Dahl, Silvina Hanono, and Anant Agarwal ("the February Dahl article"). At least claim 1 of the '176 patent and at least claim 1 of the '531 patent are invalid over the February Dahl article. On information and belief, had the Examiner of the '176 and '531 patents been made aware of the subject matter of the February Dahl article during the prosecution of the '176 and '531 patents, the Examiner would not have allowed at least claim 1 of the '176 patent and at least claim 1 of the '531 patent.

21.    In April 1994, the Proceedings of the IEEE Workshop on FPGAs for Custom Computing Machines, published an article entitled "*Emulation of a Sparc Microprocessor with the MIT Virtual Wires Emulation System*" by Matthew Dahl, Jonathan Babb, Russ Tessier, Silvina Hanono, David Hoki and Anant Agarwal ("the April Dahl article"). At least claim 1 of the '176 patent and at least claim 1 of the '531 patent are invalid over the April Dahl article. On information and belief, had the Examiner of the '176 and '531 patents been made aware of the subject matter of the April Dahl article during the prosecution of the '176 and '531 patents, the Examiner would not have allowed at least claim 1 of the '176 patent and at least claim 1 of the '531 patent.

22.    In July 1994, the Proceedings of the 1994 MIT Student Workshop on Scalable Computing published an article entitled "*The Virtual Wires Emulation System: A Gate-Efficient ASIC Prototyping Environment*" by Russell Tessier, Jonathan Babb, Matthew Dahl, Silvina Hanono, and David Hoki ("the July Dahl article"). At least claim 1 of the '176 patent and at least claim 1 of the '531 patent are invalid over the July Dahl article. On information and belief, had the Examiner of the '176 and '531 patents been made aware of the subject matter of the July Dahl article during the prosecution of the '176 and '531 patents, the Examiner would not have allowed at least claim 1 of the '176 patent and at least claim 1 of the '531 patent.

23.    U.S. Patent Application Ser. No. 08/513,605 ("the '605 application") was filed on August 10, 1995 on behalf of Matthew Dahl and Charles Selvidge. The '605 application matured into the '176 patent on July 15, 1997.

24.     The '176 patent specification twice references the '151 application to describe a preferred embodiment, at column 20:28-34 and at column 21:13-15.  The '151 application was not submitted to the PTO during the prosecution of either the '176 or the '531 patent.

25.     U.S. Patent Application Ser. No. 08/863,963 ("the '963 application") was filed on May 27, 1997 on behalf of Matthew Dahl and Charles Selvidge.  The '963 application matured into the '531 patent on December 28, 1999.

26.     The '531 patent specification twice references the '151 application to describe a preferred embodiment, at column 20:54-60 and at column 21:39-42.  The '151 application was not submitted to the PTO during the prosecution of either the '176 or the '531 patent.

27.     The '176 patent and the '531 patent do not disclose the '151 application, the '742 patent, nor any of the articles identified above.  Nor did any IDS submitted during the prosecution of either patent disclose any of the above references.

28.     Matthew Dahl was aware of the '151 application and the above-referenced articles at all times during the prosecution of the '176 and '531 patents.

29.     Charles Selvidge was aware of the '151 application and at least the Babb article at all times during the prosecution of the '176 and '531 patents.  On information and belief, Charles Selvidge was also aware of the other referenced articles at all times during the prosecution of the '176 and '531 patents.

30.     Both Matthew Dahl and Charles Selvidge were aware of their duty to disclose to the PTO information material to the prosecution of the '176 and '531 patents at all times during the prosecution of the '176 and '531 patents.

31.     Neither Matthew Dahl nor Charles Selvidge made any effort to have the '151 application or any of the above-referenced articles made of record to the prosecution of the '176 patent.

32.     On information and belief, Matthew Dahl, Charles Selvidge or both of them made an affirmative decision to not cite the '151 application or any of the above-referenced articles in the prosecution of the '176 and '531 patents so that the PTO would not be informed of the subject

matter of the '151 application and the above-referenced articles in the prosecution of the '176 and '531 patents.

33. Accordingly, on information and belief, Matthew Dahl, Charles Selvidge or both of them deliberately withheld material information concerning the subject matter of the '176 and '531 patents from the PTO, with the intent to deceive the PTO, to obtain the allowed claims.

## OTHER AFFIRMATIVE DEFENSES

34. Plaintiffs reserve the right to amend their Answer to include other affirmative defenses that they may learn of during the course of their investigation, including but not limited to unenforceability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for adjudication as follows:

1. Entry of judgment

   a. that Defendant Mentor Graphics is without right or authority to threaten or to maintain suit against Plaintiffs for alleged infringement of U.S. Patent Nos. 6,009,531, 5,649,176 and 6,240,376;

   b. that said patents are invalid;

   c. that the '531 and '176 patents are unenforceable; and/or

   d. that said patents are not infringed and have not been infringed by Plaintiffs or by the manufacture, use, sale, offer for sale, or importation of Plaintiffs' products, by Plaintiffs or otherwise.

2. Entry of preliminary and permanent injunctions enjoining Defendant, its officers, agents, servants, employees, licensees and attorneys and those persons in active concert or participation with them and all others in privity therewith (a) from initiating or prosecuting any lawsuit or proceeding placing at issue the right of Plaintiffs, their customers, licensees, successors, assigns and all others in privity therewith, to make, use, sell, offer for sale or import Plaintiffs' products, with respect to the '531, '176 and '376 patents; (b) from interfering with or

1    threatening to interfere with the manufacture, sale, offer for sale, use or importation of Plaintiffs'

2    products by Plaintiffs, or each of them, or any of their customers, licensees, dealers, agents,

3    servants, or employees, or any prospective or present sellers, dealers, or users of Plaintiffs'

4    products, and all others in privity therewith, with respect to the '531, '176 and '376 patents; and

5    (c) from making any claim to any person or entity that Plaintiffs' products infringe the '531, '176

6    and '376 patents, said injunction to be made permanent following trial.

7           3.       That this case is declared exceptional under 35 U.S.C. § 285, and that Plaintiffs be

8    awarded their reasonable attorney fees, costs and expenses incurred in connection with this

9    action;

10          4.       That this Court grant Plaintiffs further necessary or proper relief pursuant to

11   28 U.S.C. § 2202; and/or

12          5.       That this Court grant the Plaintiffs such other further relief as the Court deems

13   appropriate.

## JURY DEMAND

15          Plaintiffs hereby demand trial by jury on all issues triable to a jury.

17   Dated: February 4, 2013                        Orrick, Herrington & Sutcliffe LLP

19                                          By: _____ */s/ William H. Wright* _____
20                                                  WILLIAM H. WRIGHT
                                                    Attorneys for Plaintiffs
21                                             SYNOPSYS, INC., EMULATION
                                             VERIFICATION ENGINEERING S.A.
22                                                  AND EVE-USA, INC.

OHSUSA:753101394.1

- 13 -